**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| HAMEST KASUMYAN; ELIDA AVANSYAN, | No. 09-70930 |
| Petitioners, | Agency Nos.     A078-675-848<br>A079-785-408 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:     CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Hamest Kasumyan, a native of Iran and citizen of Armenia, and her

daughter, Elida Avansyan, a native and citizen of Armenia, petition for review of

the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an

immigration judge's decision denying their application for asylum, withholding of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Substantial evidence supports the BIA's finding that the mistreatment Kasumyan suffered in Armenia when unidentified individuals disrupted a baptism in the mountains and a prayer meeting in her home did not rise to the level of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1017 (9th Cir. 2003) ("two occasions where [petitioner] was 'pushed' while attending church services interrupted by government officials does not compare to the severity of physical abuse that in other cases we have deemed persuasive to show persecution"). Petitioners' contention that the agency did not consider evidence of additional incidents of persecution was not raised to the BIA. *See Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004) (failure to raise an issue to the BIA constitutes a failure to exhaust remedies and deprives this court of jurisdiction to hear the matter).

Substantial evidence also supports the BIA's finding that petitioners do not have a well-founded fear of future persecution based on their Pentecostal religion. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir. 2002) ("[T]he IJ and the BIA are entitled to rely on all relevant evidence in the record, including a State

Department report, in considering whether the petitioner has demonstrated that there is good reason to fear future persecution.").

Because petitioners did not establish eligibility for asylum, it necessarily follows that they did not satisfy the more stringent standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence supports the BIA's determination that the petitioners are not eligible for CAT relief. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**